Southard J.
The transcript states the service of the summons on the defendant, the adjournment, the filing of the state of demand, and that on January 10, 1818, the day of trial, the “ plaintiff' appeared, opened his cause, and offered in evidence a transcript from the docket William Little, esq. which after examining, he gave ment in favour of the plaintiff for 100 dollars.” transcript from the docket of William Little, esq. which *262 accompanies the papers, is in the case of Andrew Rose v. James Stewart. The state of demand claims “ 100 dollars for this, viz. that heretofore the plaintiff obtained a judgment, before William Little, esq. against one James Stewart, for the sum of 100 dollars, debt; and 23 cents, costs.” The 23d of May 1816, the justice issued his execution against said Stewart, and gave the same to .John Boyd, constable, of Independence, and the said constable has neglected to serve the same, and therefore he demands 100 dollars, and gives credit for 10 dollars, alleging that the balance and interest amount to 100 dollars.
The plaintiffs in certiorari, have seen fit to file two reasons for reversal. 1. That the state of demand contains no lawful cause of action against the defendants. And 2. Because the neglect of the constable is not set out with sufficient certainty.
The proceeding seems to me to be a tissue of errors.
1. The state of demand does not, even by implication, contain any charge against three of the defendants. Indeed, from the face of the writing, it is manifest that joining them is altogether an after thought.
2. In a suit against a constable, the state of demand must specify, the neglect of which he has been guilty. It will not do to charge him generally with neglect, and prove the particular fact at the trial. This would serve only to entrap him.
3. There is nothing in the proof to shew the slightest connexion of three of those against whom judgment has passed, with the constable Boyd. As to them, it is a judgment without proof.
*4. There is no proof of any neglect in the constable himself. The transcript which was given in evidence, only proves the delivery of the process to him, and this is not enough. The trial was in his absence ; the proof should have been, complete.
5. It is presumed, from the appearance of the case, that it was designed to recover judgment against three of the defendants as securities of the constable, under the 52d section of the “ act constituting courts for the trial of small causes.” If this be so, this suit is radically erroneous. It must be brought upon the bond given by the *263 constable to the inhabitants of the township. The securities can be made to answer in no other
In the opinion of the whole court
Judgment must be reversed.